# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE § <br> ESTATE OF JERRY WAYNE § <br> YOUNG, SR., DECEASED § <br> § <br> § | CIVIL ACTION NO. 1:09CV814-LG-RHW |

## MEMORANDUM OPINION AND ORDER GRANTING THE UNITED STATES' MOTION TO DISMISS THE ESTATE'S AMENDED OBJECTION TO CLAIM OF TAX LIEN AND ORDER TO REMAND

**BEFORE THE COURT** is the United States of America's Motion to Dismiss [4] the Amended Objection to Claim of Tax Lien filed by the Estate of Jerry Wayne Young, Sr. The Estate argues that the period of collection for Young's tax liability expired because the United States did not file a lawsuit against either Young or the Estate within ten years after the assessment of the tax. In the alternative, the Estate asserts that the tax lien is unenforceable because the lien self-released on June 11, 2007. The United States seeks dismissal of the Estate's objection, arguing that the lien was not released as to Young and because the filing of the United States' Notice of Proof of Claim tolled the limitations period for collection. Following a thorough review of the submissions of the parties and the applicable law, the Court finds that the Motion to Dismiss the Estate's Objection should be granted.

### FACTS AND PROCEDURAL HISTORY

Jerry Wayne Young, Sr., died intestate on July 28, 2003, leaving certain real property in Stone County, Mississippi. His surviving spouse, Betty G. Young, petitioned the Chancery Court of Stone County, Mississippi, for Letters of Administration, so that Young's estate could be administered. She was appointed Administratrix of the Estate on December 4, 2003. On January 26, 2004, the United States filed its Notice of Proof of Claim [1-3 at p. 22] in the Chancery Court

action concerning Young's Estate, asserting that Young was indebted to the United States at the time of his death in the amount of $240,459.73. The Notice of Proof of Claim represents tax liabilities that were assessed on May 12, 1997, for the tax years 1990 through 1993. On October 8, 1997, the Internal Revenue Service had recorded a notice of federal tax lien ("NOFTL") against Young's property in accordance with Internal Revenue Regulation 301.6323(f)-1 and 26 U.S.C. § 6323. [1-3 at p. 21]. The NOFTL provided: "With respect to each assessment below, unless notice of lien is refiled by the date in column (e), this notice shall constitute the certificate of release of lien as defined in IRC 6325(a)." The refile deadline provided on the notice of tax lien was June 11, 2007.

The Estate filed its initial Objection to Claim of Tax Lien on September 29, 2009, in the Chancery Court of Stone County, Mississippi, but failed to properly effect service of process on the United States. As a result, the Estate filed and served an Amended Objection to Claim of Tax Lien on December 3, 2009. On December 18, 2009, the United States removed the state court action to this Court. On February 22, 2010, the United States filed the present Motion to Dismiss the Estate's Amended Objection, arguing that the Estate had failed to state a claim upon which relief could be granted.

### DISCUSSION

### I. JURISDICTION

Removal of this case to this Court was proper pursuant to 28 U.S.C. § 1441(b) and 28 U.S.C. § 1442(a)(1). However, it should be noted that the federal courts generally do not have jurisdiction to probate a will or administer an estate. *Markham v. Allen*, 326 U.S. 490, 494 (1946). However, "federal courts of equity have jurisdiction to entertain suits 'in favor of

creditors, legatees and heirs' and other claimants against a decedent's estate 'to establish their claims' so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court." *Markham*, 326 U.S. at 494. The Court finds that a determination regarding whether the Estate's objection to the tax lien should be dismissed would not interfere with the administration of the Estate and would merely constitute a determination regarding whether the United States' claim against the estate has expired. Therefore, this Court has jurisdiction over the United States' proof of claim. The Court will not consider the validity of any other claims against the Estate or otherwise become involved in the administration of the Estate, and the remainder of this case will be immediately remanded to the state court for adjudication of all other issues concerning the Estate.

## II. WHETHER THE TAX COLLECTION PERIOD EXPIRED PURSUANT TO 26 U.S.C. § 6502

26 U.S.C. § 6502 (a) provides:

> Where the assessment of any tax imposed . . . has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made of the proceeding begun . . . within 10 years after the assessment of the tax . . . . If a timely proceeding in court for the collection of a tax is commenced, the period during which such tax may be collected by levy shall be extended and shall not expire until the liability for the tax (or a judgment against the taxpayer arising from such liability) is satisfied or becomes unenforceable.

Young's tax liabilities were assessed in May of 1997. Therefore, the Estate claims that the collection period expired in May of 2007. However, the United States counters that its Notice of Proof of Claim filed in Chancery Court on January 26, 2004, constituted a "timely proceeding in court" that tolled the limitations period for collection pursuant to 26 U.S.C. § 6502 (a).

"[W]hile what constitutes 'a proceeding in court' presents a question of federal law, the proper answer turns on the 'nature, function, and effect' of filing a claim under the relevant local law." *United States v. Silverman*, 621 F.2d 961, 964 (9th Cir. 1980) (citing *United States v. Saxe*, 261 F.2d 316, 319 (1st Cir. 1958)). In *Silverman*, the Court held that, under California law, the filing of a claim against a probate estate did not constitute a "proceeding in court" because the filing of a lawsuit in California state court, not the filing of a claim is what provides the terminal date of the statute of limitations. *Silverman*, 621 F.2d at 964. Furthermore, the filing of a claim against an estate under California law does not suspend the statute of limitations. *Id.* at 964-65. In *Saxe*, the Court held that the filing of a notice of claim against an estate does not constitute a "proceeding in court" under Massachusetts law because the filing of a notice of claim merely extends the time for service of process in an action already commenced against the estate. *Saxe*, 261 F.2d at 320.

However, the United States District Court for the Northern District of Ohio has held that the filing of a claim with the administrator of an estate constitutes a "proceeding in court" because under Ohio law, the probate court has exclusive jurisdiction to appoint the administrator and determine all questions arising in the case. *United States v. First Nat'l Bank*, 54 F. Supp. 351, 352 (N.D. Ohio 1943). In addition, there was no other proceeding available to seek payment of the claim under Ohio law. *First Nat'l Bank*, 54 F. Supp. at 352. The Court further noted that the filing of a claim with a decedent's estate should be considered a "proceeding in court" because the filing of a claim in bankruptcy court is treated as a "proceeding in court" under Ohio law. *Id.*

Similarly, the United States District Court for the Western District of Kentucky held that

an estate claim constitutes a "proceeding in court" under Kentucky law. *United States v. Am. Cas. Co.*, 238 F. Supp. 36, 39 (W.D. Ky. 1964). The Court quoted the following definition of the word "proceeding" given by the United States Supreme Court:

> The word "proceeding" is aptly and commonly used to comprehend steps taken in pursuit of either [a judicial proceeding or distraint]. There is nothing in the language or context that indicates an intention to restrict its meaning, or to use "suit" and "proceeding" synonymously.

*Am. Cas. Co.*, 238 F. Supp. at 39 (quoting *Bowers v. N. Y. & Albany Lighterage Co.*, 273 U.S. 346, 349 (1927)). The Court held that a Kentucky probate court actually adjudicates the validity of claims and its determinations are final absent appeal. *Id.* at 38-39. The Court also relied on the following cases which also held that the filing of an estate claim constitutes a "proceeding in court:" *United States v. Ettelson*, 159 F.2d 193 (7th Cir. 1947); *United States v. Paisley*, 26 F. Supp. 237 (N. D. Ill. 1938); and *In re McClure Co.*, 21 F.2d 538 (N.D. Ga. 1927). For example, in *Paisley*, the Court held that an Illinois probate court is in fact a court that performs judicial functions when it determines the rights of creditors. *Paisley*, 26 F. Supp. at 238. Furthermore, the Illinois probate court's adjudication is final and conclusive unless its decision is reversed on appeal. *Id.* Thus, the Court held that the filing of a claim in probate court constitutes a "proceeding in court." *Id.*

There are no Mississippi cases or Fifth Circuit cases that directly address this issue. However, the Mississippi Supreme Court has noted that "[p]resentation of a claim against an estate is in many respects similar to the filing of a suit against a defendant." *Cent. Optical Merch. Co. v. Estate of Lowe*, 160 So. 2d 673, 678 (Miss. 1964). Furthermore, the Fifth Circuit has held that the filing of a bankruptcy claim is tantamount to the filing of a complaint. *In the*

*Matter of Cont'l Airlines*, 928 F.2d 127, 129 (5th Cir. 1991); *In re Simmons*, 765 F.2d 547, 552 (5th Cir. 1985).

In addition, based on the caselaw discussed *supra*, an analysis of Mississippi law concerning the administration and probate of estates is instructive on the issue. The Mississippi Constitution provides that the chancery court shall have "full jurisdiction" in "matters testamentary and of administration." Miss. Const. art. 6, §159. Furthermore, the Mississippi Legislature has provided that:

> [t]he court in which a will may have been admitted to probate, letters of administration granted, or a guardian may have been appointed, shall have jurisdiction to hear and determine all questions in relation to the execution of the trust of the executor, administrator, guardian, or other officer appointed for the administration and management of the estate, and all demands against it by heirs at law, distributees, devisees, legatees, wards, creditors, and others . . . .

Miss. Code. Ann. § 9-5-83. Once the chancery court determines that the final account of the estate is correct, it must issue a final decree of approval and allowance and order the executor or administrator to distribute the property. Miss. Code Ann. § 91-7-297. A chancery court decree has "the force, operation, and effect of a judgment at law in the circuit court." Miss. Code. Ann. §11-59-79.

Thus, Mississippi chancery courts have exclusive jurisdiction over the administration of estates. These courts provide judicial functions, and their decisions are final absent an appeal or some other direct action in chancery court. Furthermore, the Mississippi Supreme Court has noted that the filing of a claim against an estate is similar to the filing of a lawsuit, and the Fifth Circuit has held that analogous bankruptcy proceedings are tantamount to a civil lawsuit. Therefore, this Court finds that the filing of a proof of claim against an estate constitutes a

"proceeding in court" that tolls the limitations period for collecting tax liability pursuant to 26 U.S.C. § 6502 (a). Since it is undisputed that the United States' Proof of Claim was filed before the ten-year limitations period expired, the Proof of Claim constituted a timely "proceeding in court," and the United States is not barred from collecting the tax debt.

## III. WHETHER THE TAX LIEN SELF-RELEASED

The Estate argues that Young's tax lien "self-released" because the NOFTL filed by the Internal Revenue Service on October 8, 1997, provides: "With respect to each assessment below, unless notice of lien is refiled by the date in column (e), this notice shall constitute the certificate of release of lien as defined in IRC 6325(a)." The refile deadline provided on the NOFTL pertaining to Young's property was June 11, 2007. It is undisputed that the NOFTL was not refiled.

A tax lien is created pursuant to 26 U.S.C. §6321 when a taxpayer either refuses or neglects to pay a tax upon demand. This lien pertains to "all property and rights to property, whether real or personal, belonging to such person." 26 U.S.C. §6321. The lien imposed pursuant to section 6321 arises at the time that the tax assessment is made and continues until the liability is satisfied or becomes "unenforceable by reason of lapse of time." 26 U.S.C. § 6322. "Time lapses when the period for collection of the lien runs under [26 U.S.C.] § 6502(a)." *In re Cole*, 205 B.R. 668, 672 (Bankr. D. Mass. 1997). Thus, the tax lien expires ten years after it is assessed, unless a "timely proceeding in court" tolls the limitation period pursuant to 26 U.S.C. § 6502(a), as discussed *supra*. "The lien imposed by Section 6321 shall not be valid as against any purchaser, holder of security interest, mechanic's lien, or, judgment lien creditor until notice thereof . . . has been filed. 26 U.S.C. § 6323. The notice filed pursuant to Section 6323 is

referred to as a notice of federal tax lien or NOFTL. *In re Cole*, 205 B.R. at 672.

The United States Bankruptcy Court for the Southern District of Florida has given the following explanation of the difference between a Section 6321 tax lien and a Section 6323 NOFTL:

> It must first be understood that a material distinction exists between a tax lien and an NOFTL. While a tax lien is relevant to an individual with delinquent taxes, an NOFTL is chiefly relevant to the other creditors of such individual. Indeed, NOFTLs are, in many ways, tantamount to the recording requirement of ordinary security interests – while the obligation is always enforceable against the debtor, it is only enforceable against other properly secured creditors if and when notice is timely and sufficiently given. The tax liens in this case are those debts; the NOFTL is the timely and proper notice for purposes of maintaining seniority to other secured creditors.

*In re Toledo*, 395 B.R. 794, 798 ( Bankr. S.D. Fla. 2008). As a result of this distinction, the Courts in the cases of *In re Cole* and *In re Toledo* held that the failure to timely refile the NOFTL does not invalidate the Section 6321 tax lien as to the taxpayer but merely affects the lien's priority as to other creditors. *In re Toledo*, 395 B.R. at 799; *In re Cole*, 205 B.R. at 672, 674.

As a result, this Court finds that the United States' failure to timely refile the NOFTL only affected the priority of the lien as to other creditors and did not release the Section 6321 tax lien as to the Estate. The Section 6321 tax lien is still valid since the United States filed a "timely proceeding in court" that tolled the ten-year limitations period. Therefore, the Court finds that the United States Motion to Dismiss the Estate's Amended Objection to the Claim should be granted. For the reasons stated previously, this Court will remand all other objections and matters pending in this estate action to the Chancery Court of Stone County, Mississippi.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the United States of America's Motion to Dismiss [4] the Amended Objection to Claim of Tax Lien filed by the

Estate of Jerry Wayne Young, Sr. is **GRANTED**. The Estate's Amended Objection to the Claim of Tax Lien is hereby **DISMISSED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the remainder of the Estate proceeding is **HEREBY REMANDED TO THE CHANCERY COURT OF STONE COUNTY, MISSISSIPPI**.

**IT IS FURTHER ORDERED AND ADJUDGED** that a certified copy of this order of remand shall be immediately mailed by the Clerk of this Court to the clerk of the state court pursuant to 28 U.S.C. § 1447(c).

**SO ORDERED AND ADJUDGED** this the 8th day of April, 2010.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE